Mr. David W. Wagner Alachua County Attorney Post Office Box 2877 Gainesville, Florida 32602-2877
Dear Mr. Wagner:
On behalf of the Alachua County Board of County Commissioners, you ask the following question:
May Alachua County use the provisions of section 205.0535, Florida Statutes, for reclassification and rate structure revisions to its occupational license tax?
According to your letter, Alachua County in August 2001 adopted an occupational license tax pursuant to section 205.0315, Florida Statutes. The City of Gainesville revised its occupational license tax prior to October 1, 1995, pursuant to section205.0535, Florida Statutes, and the county used the occupational license tax rate structure and classifications adopted by the city. You now ask whether the county may revise its tax structures and classifications pursuant to section 205.0535.
A county's taxing power is derived from Article VII of the Florida Constitution. Section 1(a), Article VII, Florida Constitution, provides in part that "[n]o tax shall be levied except in pursuance of law. . . . All other forms of taxation shall be preempted to the state except as provided by general law." In addition, section 9 of Article VII states that counties shall be authorized by general law to levy other taxes for county purposes, with certain exceptions. Thus, a county must be able to point to constitutional or statutory authority to exercise the taxing power.
The "Local Occupational License Tax Act,"[1] Chapter 205, Florida Statutes, authorizes the governing body of a county to levy "an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction."[2] Certain conditions are imposed on the authority of a county to levy an occupational tax, such as a requirement that the tax be based on reasonable classifications and be uniform throughout any class.[3]
Section 205.0535, Florida Statutes, which was adopted in 1993,[4]
provides that "[b]y October 1, 1995, any municipality or county may, by ordinance, reclassify businesses, professions, and occupations and may establish new rate structures, if the conditions specified in subsections (2) and (3) are met." Subsection (2) requires the establishment of an equity study commission to recommend a classification system and rate structure for local occupational license taxes prior to adoption of the ordinance. Subsection (3) sets parameters for the new license tax in terms of the amount that may be imposed and the maximum amount of revenue that may be generated. Subsection (4) of the statute provides that after the conditions specified in subsections (2) and (3) are met, municipalities and counties may, every other year thereafter, by ordinance increase the rates of local occupational license taxes by up to 5 percent, provided that such an increase is enacted by at least a majority plus one vote of the governing body.
Localities that did not enact a new occupational license tax ordinance before the October 1, 1995, deadline are authorized to levy such a tax if they follow specific instructions. Pursuant to section 205.0315,
"Beginning October 1, 1995, a county or municipality that has not adopted an occupational license tax ordinance or resolution may adopt an occupational license tax ordinance. The occupational license tax rate structure and classifications in the adopted ordinance must be reasonable and based upon the rate structure and classifications prescribed in ordinances adopted by adjacent local governments that have implemented s. 205.0535. If no adjacent local government has implemented s. 205.0535, or if the governing body of the county or municipality finds that the rate structures or classifications of adjacent local governments are unreasonable, the rate structure or classifications prescribed in its ordinance may be based upon those prescribed in ordinances adopted by local governments that have implemented s. 205.0535 in counties or municipalities that have a comparable population." (e.s.)
Thus the Legislature has authorized in section 205.0315, Florida Statutes, those counties that have not adopted an occupational license tax ordinance by October 1, 1995, to do so with a rate structure aligned with neighboring local governments implementing the section 205.0535, Florida Statutes.
The statutory scheme in Chapter 205, Florida Statutes, is comprehensive: section 205.0535, Florida Statutes, authorizes counties to revise an existing occupational license tax ordinance by October 1, 1995, while section 205.0315, Florida Statutes, makes provision for counties to adopt an occupational license tax if they had none previously.[5] Alachua County, which did not have an occupational license ordinance in 1995, obviously did not utilize the provisions of section 205.0535 to revise its ordinance. Rather, it utilized the provisions of section 205.0315 to adopt its occupational license tax in 2001.
Where the Legislature has directed how a thing shall be done, it effectively operates as a prohibition against its being done in any other manner.[6] The Legislature has provided specific directions to local governments regarding occupational license tax rate revisions in section 205.0535, Florida Statutes. This office has previously stated that a municipality or county must have enacted an ordinance on or before October 1, 1995, to avail itself of the authorization in section 205.0535, Florida Statutes, to reclassify businesses, professions, and occupations, and establish a new rate structure for its occupational license tax.[7]
Accordingly, I am of the opinion that Alachua County may not use the provisions of section 205.0535, Florida Statutes, for reclassification and rate structure revisions to its occupational license tax.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See s. 205.013, Fla. Stat.
[2] Section 205.032, Fla. Stat. See s. 205.022(1), Fla. Stat., defining "Local occupational license" as "the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction." It does not, however, refer to any fees or licenses paid to any board, commission or officer for permits, registration, examination, or inspection. Id.
[3] Section 205.033, Fla. Stat.
[4] See s. 8, Ch. 93-180, Laws of Florida, as amended by s. 60, Ch. 98-419, Laws of Florida.
[5] And see s. 205.033(1)(b), Fla. Stat., providing that counties may continue to enforce an occupational license tax ordinance adopted prior to October 1, 1995, in those cases where the county did not act to revise its ordinance:
"Unless the county implements s. 205.0535 or adopts a new occupational license tax ordinance under s. 205.0315, an occupational license tax levied under this subsection may not exceed the rate provided by this chapter in effect for the year beginning October 1, 1971; however, beginning October 1, 1980, the county governing body may increase occupational license taxes authorized by this chapter. The amount of the increase above the license tax rate levied on October 1, 1971, for license taxes levied at a flat rate may be up to 100 percent for occupational license taxes that are $100 or less; 50 percent for occupational license taxes that are between $101 and $300; and 25 percent for occupational license taxes that are more than $300. Beginning October 1, 1982, the increase may not exceed 25 percent for license taxes levied at graduated or per unit rates. . . ."
[6] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[7] Attorney General Opinion 02-25. And see Op. Att'y Gen. Fla. 96-83 (1996) in which this office stated that a county which had failed to act prior to October 1, 1995, pursuant to s. 205.0535, Fla. Stat., was not authorized to enact a new occupational license tax ordinance pursuant to section 205.0315, Florida Statutes; and Op. Att'y Gen. Fla. 03-51 (2003).